IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHERI BRYAN                                                                              PLAINTIFF

V.                                          NO. 10-5255

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Cheri Bryan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on August 15, 2008, alleging an inability to work since May 22, 2008, due to hip pain, back pain, knee pain, depression, and fatigue. (Tr. 128, 135). An administrative hearing was held on September 29, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 21-42).

By written decision dated February 4, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - disorder of the back and mood disorder. (Tr. 50). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 50). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> occasionally lift/carry 20 pounds and frequently 10 pounds. She can sit for 6 hours and can stand/walk for 6 hours. She can frequently climb, balance, crawl, stoop, kneel, and crouch. She has moderate difficulties in maintaining concentration, persistence, and pace. She is moderately limited in the ability to understand, remember, and carry out detailed instructions, respond appropriately to usual work situations and routine work changes, and appropriately interact with supervisors and co-workers. Moderately limited means there is more than a slight limitation, but the person can generally perform in a satisfactory manner. She can perform work in which interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision required is simple, direct, and concrete.

(Tr. 51-52). With the help of a vocational expert (VE), the ALJ determined Plaintiff was not able to perform her past relevant work, but could perform other work as a poultry boner/eviscerator; hotel/motel maid; and laundry worker. (Tr. 54-55).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 1, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs 7, 8).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports

the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ found that one of Plaintiff's severe impairments was disorder of the back. In her various reports, Plaintiff indicated that she suffered from pain in her hips, lower back, and neck, and that she was limited in lifting. (Tr. 128, 149, 158, 163). A General Physical Examination was performed by Dr. Morgan on January 10, 2005, wherein Dr. Morgan diagnosed Plaintiff with, inter alia, chronic back pain, and concluded that Plaintiff had a "mild limitation to carry, lift, stand for prolonged periods." (Tr. 238). In addition, as late as June 24, 2009,

Plaintiff complained to the Northwest Arkansas Free Health Center of low back pain and spasms. (Tr. 305). There is no physical RFC assessment contained in the transcript.

The ALJ recognized that Plaintiff was diagnosed with chronic back pain and had mild limitations in the ability to lift, carry, and stand for prolonged periods. However, he also stated that "[m]ore relevant records show the claimant has been prescribed Flexeril for persistent pain and spasms in the neck, back, and hips." (Tr. 52). The ALJ concluded that conservative measures "have effectively treated the claimant's condition, and there is no evidence of any progressively worsening symptoms. Accordingly, the claimant's disorder of the back and any related limitations are not severe to a degree that would limit activities beyond the scope of the residual functional capacity as determined in this decision." (Tr. 52).

In light of Plaintiff's continued complaints of back pain during the relevant time period, Dr. Morgan's finding that Plaintiff had mild limitation in her ability to lift and carry, and the diagnosis of the Northwest Arkansas Free Health Center of low back pain and spasms, the Court fails to understand how the ALJ was able to conclude that Plaintiff was able to perform light work, i.e. occasionally lift/carry 20 pounds and frequently 10 pounds, with certain limitations, without the benefit of a physical RFC assessment.

The Court finds it necessary to remand this matter to the ALJ in order for him to obtain a physical RFC assessment from Plaintiff's treating physician, or from a consultative examining physician. Once received, the ALJ should then re-evaluate Plaintiff's RFC.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

-5-

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of February, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE